```
                                    Entered on Docket
                                    January 07, 2010
                                    GLORIA L. FRANKLIN, CLERK
1  KATHERINE JOHNSON (CA SBN 259854) U.S. BANKRUPTCY COURT
   CASPER J. RANKIN (CA SBN 249196)   NORTHERN DISTRICT OF CALIFORNIA
2  JOSEPH C. DELMOTTE (CA SBN 259460)
   PITE DUNCAN, LLP                   Signed: January 07, 2010
3  4375 Jutland Drive, Suite 200
   P.O. Box 17933
4  San Diego, CA 92177-0933
   Telephone: (858) 750-7600
5  Facsimile: (619) 590-1385          _____
                                              ALAN JAROSLOVSKY
6                                             U.S. Bankruptcy Judge
```



Attorneys for BANK OF AMERICA NATIONAL ASSOCIATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>DAVID K LENTS,<br><br><br><br><br><br><br><br>Debtor(s). | Case No. 09-12457<br><br>Chapter 13<br><br>R.S. No. JBA-1866<br><br>ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY<br><br>DATE:    December 23, 2009<br>TIME:    9:00am<br><br>Northern District of California - Santa Rosa Division<br>United States Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA 95404-6524 |

The above-captioned matter came on for hearing on December 23, 2009, at 9:00 AM, upon the Motion of Bank of America National Association ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of David K Lents ("Debtor") commonly known as 7220 Hayden Avenue, Sebastopol, California 95472 (the "Real Property"), which is legally described as follows:

       SEE LEGAL DESCRIPTION AS EXHIBIT FOR PROPOSED ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY, DOCKET NUMBER 21.

- 1 -

Appearances as noted on the record.

Based on the arguments of counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1. Debtor shall tender a regular monthly payment in the amount of $2,582.93 on or before January 7, 2010, or the automatic stay of 11 U.S.C. § 362 shall be terminated as it applies to the enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust, and pursuant to applicable state law;

2. In the event the Debtor makes the regular monthly payment on or before January 7, 2010, pursuant to paragraph one (1), Debtor shall bring the loan completely post-petition current on or before February 21, 2010, or the automatic stay of 11 U.S.C. § 362, shall be terminated;

3. In the event the automatic stay is terminated, Movant shall be authorized to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

4. In the event the automatic stay is terminated, the 14-day stay provided by Bankruptcy Rule 4001 (a)(3) shall be waived;

5. Post-petition attorney's fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

6. Upon foreclosure, in the event Debtor fails to vacate the Real Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law;

7. In the event the automatic stay is terminated, the Chapter 13 Trustee shall cease making payments in regard to Movant's claim filed in this bankruptcy case;

8. Movant may offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case; and

/././

9. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

** END OF ORDER **